# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | Samuel Der-Yeghiayan |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 839 | **DATE** | 10/7/2004 |
| **CASE TITLE** | USA vs. Mohammad Azam Hussain | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the Government's oral motion for pretrial detention is granted. Defendant is hereby remanded to the custody of the U.S. Marshal. Defendant to remain in custody until further order of the Court. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | OCT 0 8 2004 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| ✓ | Copy to Judge Zagel. | | |
| MW6 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 0 8 2004

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 04 CR 839-1 |
| MOHAMMAD AZAM HUSSAIN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

Defendant Mohammad Azam Hussain ("Hussain") Hussain is charged with failing to disclose on an application for United States Citizenship his membership in an organization called Mohajir Quami Movement-Haqiqi ("MQM-H") and lying to United States government officials regarding such membership.

On October 6, 2004, we conducted a detention hearing for Hussain pursuant to 18 U.S.C. § 3142(f). On that date, the Government made reference to applications filed by Defendant with government agencies and Counsel for Defendant objected for the reason that he had not been provided with copies of such documents. Even though the documents that the government was making reference to were documents purportedly submitted by Defendant to a government agency, in order to ensure that

1



Defendant had an opportunity to review the documents, we offered to continue the hearing. Counsel for Defendant requested a one day continuance of the detention hearing and the court granted the request for good cause.

Hussain requested that he be released on bond pending trial by posting his property and two other properties. The government has requested that Hussain be detained pursuant to 18 U.S.C. § 3142(e) because "no condition or combination of conditions will reasonably assure the appearance of the person as required. . . ." 18 U.S.C. § 3142(e).

At the hearing Hussain was represented by counsel and was afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appeared at the hearing, and to present information by proffer or otherwise. Counsel for Hussain agreed that the Government could present evidence by proffer.

The Government argues that Hussain is a flight risk. The Government argues that Hussain has admitted to an FBI agent that he was an active and founding member of an organization called Mohajir Quami Movement-Haqiqi ("MQM-H") in Pakistan. Hussain has further admitted that since coming to the United States in 1994, he has been in contact with Afaq Ahmad, the head of MQM-H and while in Pakistan was part of Afaq Ahmad's inner circle. The Government also contends that members of MQM-H in Pakistan have been involved in killings, assassinations, and other violent and criminal acts and that earlier this year Afaq Ahmad was charged with murder and other violent acts in Pakistan. The Government contends that

MQM-H controls areas in Karachi, Pakistan and, since Hussain is a founding member of MQM-H and has been in close contact with members of MQM-H and its leader, he would have a support network to offer him shelter in Pakistan and avoid prosecution in the United States. According to the Government, Hussain traveled to Pakistan twice this year and the Government argued that, based upon Hussain's financial resources, as reported by the pre-trial services office, Hussain did not have sufficient funds to make such trips. The government also stated that when Hussain was arrested he was asked for his foreign passport and that he contended that it was with a friend and gave his friend's name and phone number to the arresting officer. According to the Government, when the officer called the phone number provided by Hussain, the individual answering stated that there was no such person at that phone number. The Government also contends that on July 30, 2004, upon arrival to the United States from Pakistan at the port of entry Hussain was in possession of another person's credit card and also had in his possession custom declarations relating to other individuals. The Government contends that when submitting an application for citizenship, Hussain requested that his name be changed to Syyed Azam. The Government also stated that there is a good chance that Hussain will be deported. The Government argues that Hussain is a flight risk and that no combination of conditions imposed by the court will be adequate to assure Hussain's appearance for his criminal proceedings.

Hussain argues that, contrary to the Government's contention that Hussain's

3

support network is in Pakistan, the only support network for Hussain was present in the courtroom which consisted of family and friends. Hussain contends that MQM-H is a political party in Pakistan and that it was only an innocuous political party. Hussain contends that it was natural for him to travel to Pakistan to visit his family. Hussain also argued that he has a wife and child in the United States and owns a house in the United States with an equity of approximately $100,000. Hussain contends that he attempted to change his name because it was his original name, but he was vague as to what his original name was. Hussain claims that he has friends and family that would take an oath to be third-party custodians for Hussain.

We have considered the factors included in 18 U.S.C. § 3142(g) which are as follows:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and

> shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

The government argued that, since they are seeking detention based on a flight risk and not danger to the safety of the community, the preponderance of evidence standard is applicable. Counsel for Hussain acknowledged that the Seventh Circuit has held that the preponderance of the evidence standard is the appropriate standard. However, Counsel for Hussain stated that he respectfully disagreed with the Seventh Circuit and asked the court to consider other Circuits' precedent. We are bound by the rulings of the Seventh Circuit and will therefore apply the preponderance of the evidence standard. *See U.S. v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985)(indicating that the preponderance of the evidence standard applies for the flight risk analysis).

We find the Government has met its burden in this case. Hussain has demonstrated his ability to travel under aliases and to carry documents and credit cards belonging to others. At the hearing Hussain failed to offer any explanation for his possession of the materials of other individuals. Even though Hussain does not have finances to travel he has been able to somehow travel to Pakistan in the past few months without such resources. Hussain did not offer any explanation as to how he financed the trips to Pakistan. Hussain has admitted, through his own statements on applications submitted to the government and during his interviews with FBI

agents, to facts that show that he has a support network in Pakistan that would be able to offer him shelter and help him avoid prosecution by the United States government. Hussain has been evasive concerning the location of his passport which demonstrates he would be a flight risk. Hussain failed to offer any explanation for misleading the government concerning the location of his passport by supplying a false phone number and name of the holder of the passport. Hussain also admitted that he possessed a handgun without a valid Firearm Owner's Identification Card. Hussain has exhibited past conduct that indicates a disregard for the law, evasiveness, and the ability to travel under an alias. It appears likely that Hussain will eventually be deported regardless of whether or not he is convicted in the United States. Hussain therefore has no incentive to remain in the United States and face prosecution and is likely to flee and seek haven in Karachi, Pakistan.

Hussain attempted to portray himself as an immigrant who wanted to make a life in the United States like many immigrants. However, his actions are an insult to the law abiding immigrant community.

The court has considered the combinations of conditions articulated in 18 U.S.C. § 3142(b) and (c), and finds that no combination of conditions will reasonably assure Hussain's appearance for his criminal proceedings. Even though some of Hussain's friends and family are willing to put forth their properties for Hussain's bond, Hussain's prior disrespect for the law and membership in an organization that engages in criminal and violent activities, indicates that Hussain

6

would not hesitate for one moment to skip town.

## CONCLUSION

Based on a review of the record in its entirety, and the foregoing analysis, we find that no condition or combination of conditions will reasonably assure the appearance of Hussain as required and order his detention.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 7, 2004