# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | Samuel Der-Yeghiayan |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 839 | **DATE** | 10/26/2004 |
| **CASE TITLE** | USA vs. Mohammad Azam Hussain | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, defendant's motion for reconsideration is denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 2 7 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | DOCKETED |
| ) | OCT 2 7 2004 |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 CR 839-1 |
| ) | |
| MOHAMMAD AZAM HUSSAIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Mohammad Azam Hussain's ("Hussain") "motion for reconsideration and review of pretrial detention order." For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

Hussain is charged with failing to disclose on an application for United States Citizenship his membership in an organization called Mohajir Quami Movement-Haqiqi ("MQM-H") and lying to the United States government officials regarding such membership. On October 6, 2004, we conducted a detention hearing for

1

11

Hussain pursuant to 18 U.S.C. § 3142(f). On that date, the Government made reference to applications filed by Defendant with government agencies and counsel for Defendant objected for the reason that they had not been provided with copies of such documents. Even though the documents that the government was making reference to were documents purportedly submitted by Defendant to a government agency, in order to ensure that Defendant had an opportunity to review the documents we offered to continue the hearing. Counsel for Defendant requested a one day continuance of the detention hearing and the court granted the request for good cause. On October 7, 2004, at the continued detention hearing, we heard evidence from both sides, and based upon a review of the record in its entirety, we found that no condition or combination of conditions would reasonably assure the appearance of Hussain as required and ordered his detention. Hussain now asks the court to reconsider its detention ruling. Inasmuch as the detention order was entered by the undersigned Judge, Judge James B. Zagel has referred the motion to reconsider to the undersigned judge and we have agreed to rule on the motion.

## DISCUSSION

Hussain seeks a review and reconsideration of this court's detention order

pursuant to 18 U.S.C. § 3145(b) and 18 U.S.C. § 3142(f).

I. Review of Detention Order Pursuant to 18 U.S.C. § 3145(b)

The provisions for a review of a detention order is contained in 18 U.S.C. § 3145(b) which states as follows:

> [i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In the instant action, however, Hussain was not "detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense." Hussain was ordered detained by a United States District Court Judge. Hussain specifically seeks a review of this court's detention order issued on October 7, 2004. (Recon. Mot. 2). This court has original jurisdiction over the offense and thus 18 U.S.C. § 3145(b) is not the proper avenue for a review of our ruling. A bench warrant was issued by a magistrate judge in this action on September 22, 2004. Hussain subsequently came before this court on September 30, October 1, 6, and 7, and it was this court that ordered that Hussain be detained. Thus, 18 U.S.C. § 3145(b) does not provide for a review of a detention order based upon the facts in this case.

3

## II. Reconsideration Pursuant to 18 U.S.C. § 3142(f)

Hussain is also seeking a reconsideration of this court's detention order pursuant to 18 U.S.C. § 3142(f), which is the proper avenue to seek a reconsideration of this court's prior ruling.

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened before trial if the court finds that: 1) "information exists that was not known to the movant at the time of the hearing," and 2) the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

In his motion to reconsider, Hussain first argues that "[t]he preliminary detention hearing was a quick rush to judgment without sufficient evidence to support the findings made by the District Court." (Recon. Mot. 2). However, Hussain fails to provide any elaboration as to why he believes there was a "rush to judgment" without sufficient evidence. In fact Hussain is entirely mistaken, and even a cursory examination of the record in this action reveals that his statement is nothing more than inflammatory rhetoric. Hussain was indicted on September 22, 2004, and a bench warrant was issued for Hussain. On September 30, 2004, this

4

court conducted an arraignment hearing for Hussain and scheduled a detention hearing for October 1, 2004. On October 1, 2004, Hussain's counsel indicated that they were not prepared for the hearing and we granted their oral motion for a continuation of the detention hearing until October 6, 2004. As indicated above, on October 6, 2004, we granted Hussain's motion for another continuation of the detention hearing until October 7, 2004. At the hearing on October 7, 2004, Hussain was represented by counsel and was afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appeared at the hearing, and to present information by proffer or otherwise. Counsel for Hussain agreed that the Government could present evidence by proffer.

Thus, the detention hearing was not conducted until fifteen days after Hussain was indicted and seven days after the court scheduled a detention hearing. Hussain thus had ample time and opportunity to gather whatever evidence he wished to present at the detention hearing and he was given every opportunity to present evidence at the hearing. In fact, we repeatedly accommodated Hussain's counsel and granted time extensions for the detention hearing to ensure that Hussain had every opportunity needed to prepare for the hearing.

In his motion for reconsideration, Hussain next states that "[t]his case is an unfortunate example of how in a post-9/11 era we have allowed our fears of the

unknown to supplant clear and democratic logic." (Recon. Mot. 3). This is yet more bombast without substance. Hussain proceeds on to lecture the court about singling out individuals in a "free society" and tells this court not to rule based on unfounded fears. (Recon. Mot. 3). However, our prior ruling made no mention of the tragedy on September 11, and we provided a thorough analysis explaining the basis for our decision which in no way alluded to September 11. In fact, September 11 did not in any way impact our decision. We rule on the basis of law, not based on fear. This is yet another attempt by Hussain to interject inflammatory language into his arguments to make up for a complete lack of substance to support his position.

Hussain also claims that this court "overlooked" the fact that Hussain's wife and daughter reside in the United States. (Recon. Mot. 5). Hussain again is entirely mistaken and Hussain would do well to review the court's prior ruling before making such unfounded statements in a motion for reconsideration. We specifically noted in our prior ruling that at the detention hearing "Hussain also argued that he has a wife and child in the United States. . . ." (10/7/04 Opinion 4). In addition, we noted in our prior ruling that Hussain contended at the detention hearing that the "only support network for Hussain was present in the courtroom which consisted of family and friends." (10/7/04 Opinion 4). Thus, Hussain's contention that the court overlooked this fact concerning his wife and daughter is incorrect.

6

Hussain also now argues in a conclusory fashion that this court "overlooked" the fact that his wife and daughter have no ties with Pakistan. (Recon. Mot. 5). Hussain made only a momentary reference to his wife and daughter at the detention hearing and presented no evidence at all regarding his wife's and daughter's ties to Pakistan. Hussain has not offered any explanation regarding why this information was not available to him before the detention hearing. Also, such information would not likely impact our decision because, as we indicated in our prior ruling, Hussain's connection with the terrorist organization, would provide him with an incentive to flee the United States regardless of his ties to his friends and family.

Hussain also attempts to explain certain matters in his motion for reconsideration such as his travel to Pakistan and his possession of another individual's credit card. However, Hussain has not provided any explanation regarding why this information was not known to him at the time of the detention hearing, and if it was known to him, why it was not presented at the hearing. We also note that the information that Hussain seeks to present to the court would not be material in that it would not likely impact our ultimate decision to detain Hussain.

Hussain was given every opportunity to prepare for his detention hearing and to present evidence at the hearing and, thus, he was accorded all the opportunities due to him under 18 U.S.C. § 3142(f). Although he is clearly dissatisfied with the

result of the detention hearing, he does not have a right to bombard the court with the same arguments and hope that the court will become weary of his arguments and concede to his position the second time around. Hussain also uses his motion for a reconsideration as an opportunity to express his displeasure with the court's ruling and to inform the court for example that he finds the court's ruling to be "disconcerting." (Recon. Mot. 5). Such personal views are not relevant and his inclusion of such irrelevant statements do not impact upon this court's ruling on the motion to reconsider. Hussain has the burden to offer more than his unhappiness with our prior ruling and he has miserably failed to provide a sufficient basis to warrant a reconsideration of our prior ruling.

## CONCLUSION

Based on the foregoing analysis, we deny the motion for reconsideration.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 26, 2004